

Phillip Kim, Esq.<br>pkim@rosenlegal.com

October 20, 2021

**VIA ECF**
The Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Guo v. Tyson Foods, Inc., et al.*, No. 1:21-cv-00552 (AMD) (JRC)

Your Honor:

I write on behalf of Lead Plaintiff Movants Chen Porat ("Mr. Porat") and Keagan Marcus ("Mr. Marcus" and, collectively with Mr. Porat, "Movants"), in response to Defendants' Letter re Motion to Appoint Counsel and Lead Plaintiff by Chen Porat and Keagan Marcus (Dkt. No. 20).

As a preliminary matter, I take personal offense to Defense counsel's continued unfounded inferences suggesting misconduct.  Recall, at the last conference, I called out this behavior and was hopeful it would cease.  It did not.  Defense counsel has no basis to make such inferences. As explained herein, making up requirements out of whole cloth and then suggesting noncompliance is not proof of misconduct by Movants or their counsel.  If Defense counsel continues to engage in this type of conduct, it will be difficult for Movants and the Court to deal with this matter in a professional and efficient manner.

As to the merits of Defendants' letter—there are none for several reasons.

First, Defense counsel emailed me on Monday, October 11, 2021, a holiday.  Then, without giving us time to respond, Defendants ran off to file their letter in what appears to be some sort of "gotcha" ploy.  The Court should reject Defendants' baseless suggestion that not immediately responding to their email sent on a holiday indicates any sort of atypicality or inadequacy on behalf of Movants or undersigned counsel.

Second, Defendants cite to the Private Securities Litigation Reform Act of 1995 ("PSLRA") throughout their letter.  However, in filing their objection to Movants' Lead Plaintiff Motion, Defendants ignore the plain language of the statute.  Only a "class member" can oppose a lead plaintiff motion.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Even assuming Defendants can oppose a lead plaintiff motion, in order to succeed, Defendants need "proof" that Mr. Porat and Mr. Marcus are inadequate and atypical.  *Id.*; *Murphy v. JBS S.A.*, 2017 WL 4480751, at *5

(E.D.N.Y. October 6, 2017) ("'[E]xacting proof' is needed to rebut the presumption. [. . .] Conclusory assertions and mere speculation will not suffice."); *In re Cendant Corp. Litigation*, 264 F.3d 201, 270 (3d. Cir. 2001) ("Allegations of impropriety are not proof of wrongdoing. If they were, then any class member (or lawyer seeking to be appointed lead counsel) could disable any presumptive lead plaintiff by making unsupported allegations of impropriety."). Defendants have offered no proof—just conjecture.

Third, Defendants speculate that there must be something wrong with Mr. Marcus because his certification is dated February 3, 2021,[1] and that he did not originally move to serve as lead plaintiff. This argument is without merit. We originally moved with H Fried Canada Inc. as it had the larger loss and financial interest is the key metric in selecting a lead plaintiff.[2] *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 234 (E.D.N.Y. Aug. 29, 2011) ("Under the PSLRA, the Court must start with the rebuttable presumption that the most adequate plaintiff is the person or entity with the largest financial interest in the relief sought.").[3]

Fourth, Defendants argue that Mr. Marcus' certification containing boilerplate language is disqualifying. This argument is without merit. A PSLRA certification will always contain "boilerplate language" because the PSLRA requires a certification to contain certain recitals—*i.e.*, "that the plaintiff has reviewed the complaint and authorized its filing[.]" 15 U.S.C. § 78u-4(a)(2)(A)(i). The statutory language is what is included in Mr. Marcus' certification. "Plaintiff has reviewed the complaint and authorized its filing." Dkt. No. 19-2. To be sure, this Court and others have accepted lead plaintiff movants that filed substantively identical certifications where the lead plaintiff movant had not filed a complaint. *E.g.*, *Rosencrants v. Danimer Scientific, Inc. et al.*, Case No. 1:21-cv-02708-MKB-RLM (E.D.N.Y.), Dkt. Nos. 1, 12-1, 40; *Crumrine v. Vivint Solar, Inc. et al.*, Case No. 1:19-cv-05777-FB-JO (E.D.N.Y.), Dkt. Nos. 1, 15-1, 23; *Molder v. Ubiquiti Inc. et al.*, Case No. 1:21-cv-04520-DLC (S.D.N.Y.), Dkt. Nos. 1, 11-2, 22.

Fifth, Defendants' suggestion that Mr. Marcus—let alone any other lead plaintiff movant—is required to disclose transactions occurring *outside* the class period in his PSLRA certification is without merit. The PSLRA only requires disclosure of transactions during the class period. 15 U.S.C. § 78u-4(a)(2)(A)(iv) ("sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint ***during the class period specified in the complaint***") (Emphasis added). That said, had Defense counsel not run off to Court and allowed normal communications to proceed after the holiday, we would have told them that Mr. Marcus had not

---

[1] To the extent that Defendants appear to suggest that because the Mr. Marcus' certification is dated in advance of the original lead plaintiff deadline, that he should have executed a new PSLRA certification—there is no such requirement and defendants cite no authorities in support.
[2] We did not file a complaint on behalf of Mr. Marcus because by the time we received final sign off, Mr. Guo's complaint was on file. There was no need to file duplicative cases.
[3] Given the split in case authorities as to whether courts would approve the appointment of unrelated groups of lead plaintiffs, we decided initially not to group our potential lead plaintiff movants. *Compare*, *In re Blue Apron Holdings, Inc. Securities Litigation*, 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing a group of unrelated movants as lead plaintiffs), *to Jonathan Tan v. NIO Inc.*, 2020 WL 1031489, at *4-5 (E.D.N.Y. Mar. 3, 2020) (declining to aggregate the losses of a group of unrelated movants for purposes of lead plaintiff appointment).

sold any of his shares and continues to hold them. That Mr. Marcus continues to hold his shares, by Defendants' own arguments, shows that he has a compensable loss and standing. In any event, discovery is not warranted, and Defendants have not cited any authorities in support of their unusual request.

Sixth, Defendants argue that Mr. Marcus is subject to disabling unique defenses because "information respecting Tyson's response to the pandemic had already been disseminated to the market and reflected in the price of Tyson's stock" when Mr. Marcus purchased his shares. In particular, Defendants claim that Mr. Marcus is subject to unique defenses due to the alleged leakage of information about the alleged fraud on April 22, 2020, April 29, 2020, June 29, 2020 and July 22, 2020. Defendants' assertion of this truth on the market affirmative defense is improper at the lead plaintiff stage and is a question reserved for the merits stage of the case. *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 167 (2d. Cir. 2000) (holding that "[t]he truth-on-the-market defense is intensely fact-specific and is rarely an appropriate basis for dismissing a § 10(b) complaint" and is better reserved for "later stages of litigation after the parties [present] substantial evidence."). Moreover, this defense is not unique to Mr. Marcus; it is a class wide defense applicable to other class members, so by definition it cannot be a unique defense. At the same time, Defendants make the conflicting claim that Mr. Porat is inadequate and lacks standing and has no loss because he sold his shares during the class period even though Mr. Porat purchased his shares prior to the alleged June and July leakage and sold afterwards. Defendants are trying to have their cake and eat it, too.

Even assuming the truth of Defendants' alleged leakage theory, news of Comptroller Stringer calling upon the SEC to investigate Tyson (the "Stringer Letter") was the final corrective disclosure during the Class Period that caused Tyson's stock prices to drop. The fact that the conditions in Tyson's plants were allegedly leaked prior to the letter should not distract from the fact that the Stringer Letter was also an adverse event and qualifies as a disclosure for the purposes of this securities fraud case. *In re Gentiva Securities Litigation*, 932 F.Supp.2d 352, 384 (E.D.N.Y. Mar. 25, 2013) ("[A] corrective disclosure need not take the form of a single announcement, but rather, can occur through a series of disclosing events.") (Quoting *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F.Supp.2d 148, 165 (S.D.N.Y. 2008)); *In re General Elec. Securities Litigation*, 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009) ("Loss causation 'does not require full disclosure and can be established by partial disclosure during the class period which causes the price of shares to decline.'").

In sum, Defendants lack standing to challenge Movants' Lead Plaintiff motion and their opposition letter should be rejected. Even assuming *arguendo* that Defendants can challenge Movants' Lead Plaintiff Motion, Defendants' speculative arguments are not the requisite proof required to disqualify Movants as Lead Plaintiffs. Mr. Porat purchased his shares prior to two partial disclosures alleged by the Defendants and sold a portion of his holdings thereafter. Mr. Marcus purchased his shares prior to the final corrective disclosure and held his shares through the end of the Class Period and continues to hold them. Thus, by Defendants' own arguments, Mr. Marcus has compensable losses and has standing. Defendants have proffered no proof that Mr. Porat or Mr. Marcus are inadequate or atypical. As such, Defendants' opposition should be disregarded, and Movants should be appointed Lead Plaintiffs.

* * *

Following the appointment of Lead Plaintiffs and Lead Counsel, Lead Plaintiffs intend on filing an amended complaint.  The Court should allow the parties one week to submit a proposed schedule for the filing of an amended complaint and Defendants' anticipated motion to dismiss.

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.
/s/ Phillip Kim
Phillip Kim

*[Proposed] Lead Counsel for
Plaintiff and the Class*

CC: All Counsel of Record (via ECF)

4

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827**