

**Mary Eaton**
601 Lexington Avenue
31st Floor
New York, New York 10022
Tel: 212 277 4000
Fax: 212 277 4001
mary.eaton@freshfields.com

April 19, 2022

**<u>Via Electronic Filing</u>**

The Honorable James R. Cho
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: <u>*Guo v. Tyson Foods, Inc., et al.*, No. 1:21-cv-00552 (E.D.N.Y.) (AMD) (JRC)</u>**

Dear Magistrate Judge Cho:

We write on behalf of Defendants in response to the "Notice of Supplemental Authority" filed by Chen Porat and Keagan Marcus on April 18, 2022 in further support of their application to be appointed co-lead plaintiffs. (ECF No. 18.) As set forth below, the supplemental authority furnished by Mr. Porat and Mr. Marcus does not stand for the proposition for which it is cited and is inapposite here in any event.

As noted in our prior letters (ECF Nos. 20 & 22), multiple courts in this district and beyond have considered information raised by defendants in resolving applications to be appointed as lead plaintiff and lead counsel. *See, e.g.*, *Chen v. X Fin.*, 19-cv-6908, 2020 WL 2478643, at *3 (E.D.N.Y. May 13, 2020) ("Even when a motion to appoint Lead Plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff."); *City of Warren Police v. Foot Locker, Inc.*, 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018) (same). This is especially so where (as here), the lead plaintiff motion is unopposed, because there is nothing in the PSLRA—which was meant to stem lawyer-driven securities litigation—that allows for the automatic appointment of lead plaintiffs simply because no other investor has sought to represent the putative class. *See, e.g.*, *Chen*, 2020 WL 2478643, at *3; *Iron Workers Loc. No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 463 (S.D.N.Y. 2009).

*Yang v. Trust for Advised Portfolios.*, 21-cv-1047, 2022 WL 970772 (E.D.N.Y. Mar. 31, 2022), the recently-decided case submitted by Mr. Porat and Mr. Marcus, does not hold otherwise. To the contrary, the court in *Yang* addressed the defendants' issues with respect to the movant's





application to be appointed lead plaintiff, notwithstanding movant's insistence that the court not do so. *Id.* at 4 n.3. Moreover, *Yang* is entirely distinguishable from the present case. There, defendants questioned whether the applicant (an investment adviser) lacked standing to represent the putative class where it sought appointment through the use of post-litigation assignments of claims from its clients. *Id.* The court noted that the assignments did not disqualify applicant from serving as lead plaintiff because the assignments were completed before its motion was filed, not after, such that its standing to serve was not in question. Here, by contrast, Defendants have raised very serious issues as to whether Mr. Porat and Mr. Marcus have standing to pursue these claims, given that: (1) Mr. Porat sold 40 of his Tyson shares before the sole alleged corrective disclosure and purchased the rest for less than the lookback price; and (2) Mr. Marcus purchased his shares after *all* of the allegedly omitted information was already in the public domain and reflected in Tyson's stock price—as well as the highly unusual factual background that preceded their application. (*See* ECF Nos. 20 & 22.)

These issues can and should be addressed now in light of the fact that, after first filing a lead plaintiff application on behalf of a movant who lacked standing, this Court permitted The Rosen Law Firm to file a subsequent motion after the statutory deadline on behalf of lead plaintiff applicants who did "have standing." (*See* Aug. 24, 2021 Text Order and ECF No. 17.) It would fly in the face of that Order for the Court not to resolve the standing issue now.

Defendants thank the Court for its attention to this matter and are available to discuss this matter further at the Court's convenience.

Respectfully submitted,

/s/ *Mary Eaton*
Mary Eaton

CC: All Counsel of Record (via CM/ECF)