**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINGXUE GUO, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 1:21-cv-00552-AMD-JRC |
| v. | |
| TYSON FOODS, INC., NOEL WHITE, DEAN BANKS, AND STEWART GLENDINNING, | |
| Defendants. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Notice of Supplemental Authority in connection with the Motion of Chen Porat and Keagan Marcus ("Movants") to Appoint Lead Plaintiffs and Approve Lead Plaintiffs' Selection of Counsel pending before Your Honor (ECF 18) (the "Motion").

On September 12, 2022, the Honorable Roanne L. Mann of this Court denied the motion of Yansi Jimenez ("Jimenez"), the lone applicant for lead plaintiff in a putative securities fraud class action against Credit Suisse Group AG and certain executives. *See Bosch v. Credit Suisse*, 22-cv-2477, 2022 WL 4285377 (E.D.N.Y. Sept. 12, 2022) (attached). In so ruling, Judge Mann reached several conclusions that bear directly upon the disputed issues in the Motion.

*First*, Judge Mann held that it was proper for the Court to consider at the lead plaintiff stage whether the movant satisfied Rule 23(a)'s adequacy requirement. *Bosch*, 2022 WL 4285377, at *6. Judge Mann held that Jimenez—whose total claimed loss amounted to $621—was not an adequate representative because he "lack[ed] a sufficient financial interest in the outcome of the case to incentivize him to monitor counsel's performance and control the litigation on behalf of

the putative class," as the PSLRA requires. *Id.* Movants' claimed losses here are even more insubstantial, totaling a *combined* $323.20, roughly *half* the amount rejected by Judge Mann as insufficient.[1] (ECF 19-3.) As in *Bosch*, Movants' "extremely modest stake" is "unlikely to provide the kind of incentive for close supervision of counsel that the PSLRA contemplates." 2022 WL 4285377, at *5.[2]

*Second*, Judge Mann concluded that the putative class would not be prejudiced by her denying the lone pending lead plaintiff motion, but in fact, would suffer greater prejudice if an inadequate lead plaintiff were appointed.[3] *Id.* at *7. Because the same greater risk of prejudice is present in this case, the Court should deny the Motion rather than saddle the putative class with representatives who have not shown they will adequately protect its interests.

*Finally*, Judge Mann rejected Jimenez's argument that defendants "lack standing to be heard." *Id.* at *6 (citing cases). Judge Mann observed that "[n]o provision of the PSLRA prohibits a defendant from opposing such a motion" and where "only one motion for appointment" has been filed, "the purpose of the PSLRA in preventing 'lawyer-driven' litigation is best served by having more argument, not less, from any interested source." *Id.* (internal quotations and citation omitted). Like Judge Mann, this Court should reject Movants' efforts to prevent Your Honor from considering the highly relevant information that Defendants have brought to light concerning the Motion. *See* ECF 21 at 1 and ECF 23 at 1-2 (opposing Defendants' right to be heard).

---

[1] The actual maximum loss here cannot exceed $166.95 because, as explained, Mr. Porat suffered no cognizable losses under the PSLRA. (ECF 20 at 3.)

[2] Judge Mann was sufficiently concerned as to whether Jimenez lacked the interest and incentive to effectively manage his counsel and the litigation on behalf of putative class members that she directed him to file additional information regarding his retention of counsel. (Sept. 8, 2022 Scheduling Order.) That filing raised serious questions about his adequacy. 2022 WL 4285377, at *5. The highly unusual facts surrounding Movants' counsel's efforts to locate a suitable lead plaintiff here (*see* ECF 20 at 1-2 and ECF 24 at 2) raise similar concerns and may likewise warrant additional inquiries. 2022 WL 4285377, at *5 ("Congress intended that the lead plaintiff would select the lawyers, rather than having the lawyers select the lead plaintiff.").

[3] As in *Bosch*, the putative stockholder who filed the original complaint has opted not to move for lead plaintiff status.

Respectfully submitted,

Dated:  September 20, 2022          By:  /s/ *Mary Eaton*
        New York, New York               Mary Eaton
                                         Meredith Kotler
                                         Nicholas A. Caselli
                                         FRESHFIELDS BRUCKHAUS
                                         DERINGER US LLP
                                         601 Lexington Ave., 31st Floor
                                         New York, NY 10022
                                         Telephone: (212) 277-4000
                                         mary.eaton@freshfields.com
                                         meredith.kotler@freshfields.com
                                         nicholas.caselli@freshfields.com

                                         *Counsel for Defendants Tyson Foods,*
                                         *Inc., Noel White, Dean Banks, and*
                                         *Stewart Glendinning*

3