**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINGXUE GUO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC., NOEL WHITE, DEAN BANKS, AND STEWART GLENDINNING,<br><br>Defendants. | **CASE No.: 1:21-cv-00552-AMD-JRC**<br><br>**CHEN PORAT AND KEAGAN MARCUS' OBJECTION TO LEAD PLAINTIFF ORDER, DKT. # 26**<br><br>**<u>CLASS ACTION</u>** |

Chen Porat ("Porat") and Keagan Marcus ("Marcus" and, collectively with Porat, "Movants"), pursuant to Fed. R. Civ. P. 72(a), by and through their counsel, submit this objection to the Memorandum and Order denying Motion to Appoint Counsel and Lead Plaintiffs, Dkt. No. 26 (the "Lead Plaintiff Order").

**OBJECTION**

This is a securities fraud class action alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The selection of a lead plaintiff under the PSLRA is a well-established three step process. First, notice must be issued to putative class members—which is not at issue here. 15 U.S.C. § 78u-4(a)(3)(A)(i).

At the second step, a court is to identify the presumptive lead plaintiff. The presumptive lead plaintiff or the "most adequate plaintiff" "is the person or group of persons that… has the largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the Lead Plaintiff stage only the adequacy and typicality requirements of Rule 23 are examined. Unlike class certification, only a *prima facie* showing of adequacy and typicality is required. *Brady v. Top Ships Inc.*, 324 F.Supp.3d 335, 350 (E.D.N.Y. 2018) ("At this stage, movants seeking appointment as lead plaintiff need only make a "preliminary, prima facie showing" that the typicality and adequacy requirements would be met.") (Bianco, J.); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (Sullivan, J.) (same); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("In fact, a wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification).

At the third step, the PSLRA allows *class members* to rebut the presumptive lead plaintiff by submitting *proof* that the presumptive lead plaintiff is inadequate or atypical. 15 U.S.C. § 78u-

1

4(a)(3)(B)(iii)(I); *In re Cendant Corp. Litigation*, 264 F.3d 201, 268 (3d Cir. 2001) ("Once a presumptive lead plaintiff is located, the court should then turn to the question whether the presumption has been rebutted. The Reform Act is quite specific on this point, providing that the presumption "may be rebutted *only* upon proof *by a member of the purported plaintiff class*[.]") (emphasis in original). "Conclusory assertions and mere speculation will not suffice [to rebut the presumption]." *Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. 2017).

At the second step, the court correctly found that both Porat and Marcus have the largest financial interest as they reported losses of $156.25 and $166.95, respectively. Lead Plaintiff Order, at 11. The court also explained that "[b]oth Porat and Marcus have submitted declarations certifying their willingness to serve as lead plaintiffs and recognizing their role as lead plaintiffs on behalf of other class members in directing the action." Lead Plaintiff Order, at 10. These certifications are accepted by courts to make the *prima facie* showing of adequacy and typicality. Contrary to the evidence before the court, Magistrate Cho committed clear error when he held that Porat and Marcus were inadequate. The court speculated that given Porat and Marcus' small losses, both Porat and Marcus "lack sufficient financial interest in the outcome of the case to incentivize [them] to monitor counsel's performance and control the litigation on behalf of the putative class." (Internal quotation marks removed).

None of the case authorities cited in the Lead Plaintiff Order hold that small losses standing alone preclude a *prima facie* showing of adequacy. The text of neither the PSLRA nor Rule 23 speak to a minimum threshold of loss in order to trigger the lead plaintiff presumption at stage 2. Nor do any of the case authorities in the Lead Plaintiff Order hold that a presumptive lead plaintiff's small losses are sufficient to rebut the lead plaintiff presumption at step 3.

Notwithstanding the fact the Lead Plaintiff Order is clearly erroneous and contrary to law, the Lead Plaintiff Order creates an unworkable rule and raises a number of issues. How is a Court

to determine what financial interest is large enough to provide "sufficient financial interest in the outcome of the case to incentivize [them] to monitor counsel's performance and control the litigation on behalf of the putative class"?  A court would have to delve into an individual's net worth or current financial condition to determine if a loss is sufficient to incentivize them.  Does a movant need to show a threshold of percentage of its assets in losses to trigger the "most adequate plaintiff" presumption?  Is this number adjusted for inflation?  Should the court take into account the size of the case?  A smaller case, such as this one, will result in smaller damages and likely investors with smaller losses.

As applied here, the rule effectively eliminates "small" securities class actions.  Aggrieved investors who are victims of securities law violations should not be shut out of Court because they were victims of a "small" securities fraud.  The whole purpose of class actions is to permit investors, who otherwise would not be able to financially sustain an individual action, pursue their claims.  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (explaining that "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.") (negative treatment on other grounds).

## **PROCEDURAL HISTORY**

This action is a putative class action commenced on February 2, 2021 against Tyson Foods, Inc., Noel White, Dean Banks, and Stewart Glendinning. Dkt. No. 1.

On February 2, 2021, The Rosen Law Firm, P.A. ("Rosen Law") published an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff.  Dkt. No. 11-1.

On April 5, 2021, Rosen Law submitted a lead plaintiff motion. Dkt. No. 10. The parties appeared before the Court on August 16, 2021 to discuss the first lead plaintiff motion. Thereafter, on August 23, 2021, parties jointly agreed to extend the deadline to submit a lead plaintiff motion. On August 24, 2021 Magistrate Cho entered into the docket a text-only order extending the deadline to submit lead plaintiff motions until September 30, 2021. Pursuant to the order, on August 27, 2021, Rosen Law published another early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. Dkt. No. 19-1.

On September 30, 2021, Rosen Law submitted a lead plaintiff motion seeking appointment of Porat and Marcus as lead plaintiffs. Dkt. No. 18. On September 30, 2022, Magistrate Cho issued the Lead Plaintiff Order denying Porat and Marcus' motion. Dkt. No. 26.

## **OBJECTION LEGAL STANDARD**

Rule 72(a) provides that "[t]he district judge . . . must consider timely objections and modify or set aside any part of [a magistrate judge's non-dispositive pretrial ruling] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court is left with the definite and firm conviction that a mistake has been committed." *Storms v. United States*, No. 13-cv-0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Weiner v. McKeefery*, No. 11-cv2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014). An order also misapplies and is contrary to law where it fails to consider criteria which could lead to a different decision under existing case law. *See In re Comverse Tech., Inc. Sec.*

*Litig.*, No. 06-cv-1825, 2007 WL 680779, at *4 (E.D.N.Y. Mar. 2, 2007) (vacating a magistrate judge's order appointing a lead plaintiff because it "decline[d] to consider the implications of loss causation when applying the PSLRA standard").

## **ARGUMENT**

Magistrate Cho's ruling is clearly erroneous and contrary to law. At step 2 of the lead plaintiff process, there is no requirement under the PSLRA, Rule 23 and caselaw that requires a lead plaintiff movant to have a minimum amount of loss in order to make a *prima facie* showing of adequacy. The plain language of the PSLRA and the Federal Rules of Civil Procedure does not establish a minimum amount of loss required to show adequacy. Each securities class action is unique, and the circumstances surrounding each alleged fraud may result in different amounts of damages to shareholders. In seeking to establish a minimum loss rule where there is none in the PSLRA or the Federal Rules of Civil Procedure, an additional hurdle is created where Congress did not intend one.

In order to make a *prima facie* showing of adequacy, courts in this District and elsewhere accept the same certifications that Magistrate Cho acknowledged were before him: "[b]oth Porat and Marcus have submitted declarations certifying their willingness to serve as lead plaintiffs and recognizing their role as lead plaintiffs on behalf of other class members in directing the action." Lead Plaintiff Order, at 10. *See*, *City of Hollywood Police Officers Retirement System v. Henry Schein, Inc.*, 2019 WL 13167890, at *6, fn.9 (E.D.N.Y. 2019) (finding adequacy demonstrated through representations in movant's certification); *Kasilingam v. Tilray, Inc.*, 2020 WL 4530357, at *3 (S.D.N.Y. 2020) (finding certification was sufficient to demonstrate adequacy).

Contrary to the evidence before the court, Magistrate Cho committed clear error when he held that Porat and Marcus were inadequate based on speculation. The court assumed that, given Movants' small losses, both Porat and Marcus "lack sufficient financial interest in the outcome of

5

the case to incentivize [them] to monitor counsel's performance and control the litigation on behalf of the putative class." (Internal quotation marks removed). *See, Yang v. Trust for Advised Protfolios*, 2022 WL 970772, at *4, fn.3 (E.D.N.Y. Mar. 31, 2022) (declining to address arguments raised by Defendants because "the most adequate plaintiff presumption may be rebutted "***only upon proof*** by a member of the purported plaintiff class[.]") (emphasis added); *In re Cendant Corp.*, 264 F.3d 268 ("Once a presumptive lead plaintiff is located, the court should then turn to the question whether the presumption has been rebutted. The Reform Act is quite specific on this point, providing that the presumption "may be rebutted *only* upon proof *by a member of the purported plaintiff class*[.]") (emphasis in original); *Murphy*, 2017 WL 4480751, at *5 ("Conclusory assertions and mere speculation will not suffice [to rebut the presumption].").

Magistrate Cho also misquotes the standard for lead plaintiff appointment. Where the PSLRA contemplates appointing the movant with "the largest financial interest", 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb), Magistrate Cho is apparently looking for a movant with "a large financial interest." Lead Plaintiff Order, at 11. In so doing, the court creates a requirement that does not exist in the PSLRA, Rule 23 or caselaw. These authorities do not call for an arbitrary measure of the size of the loss, but a simple comparison of the movants' financial interests. Seeing as Porat and Marcus are the only movants, they have "the largest financial interest." Nor do any of these authorities require a minimum loss amount in order to make a showing of adequacy, let alone a *prima facie* one. In fact, courts routinely appoint movants with small losses as lead plaintiff. *E.g., In re Kirkland Lake Gold Ltd. Securities Litigation*, 2020 WL 10692524, at *2 (S.D.N.Y. 2020) (movant with $139 in loss appointed lead plaintiff); *Thomas v. China Techfaith Wireless Communication Technology Limited*, 2019 WL 11623934, at *3 (E.D.N.Y.) (appointing movant with loss of $7,337.49 as lead plaintiff).

6

The court relies on Magistrate Mann's ruling in *Bosch v. Credit Suisse*, 2022 WL 4285377 (E.D.N.Y. Sept. 12, 2022), for the proposition that a small loss standing alone is sufficient to show that movants have failed to make a *prima facie* showing of adequacy. Lead Plaintiff Order, at 10-11. *Bosch* is off the mark. In *Bosch*, there was evidence before court that showed inadequacy and the small losses contributed to Magistrate Mann's finding. There, pursuant to the court's order, the movant submitted a retainer agreement. However, the retainer agreement was signed on the same day as the court's order and contained a fee provision strongly favoring counsel over the putative class. Based on these facts and a small loss, Magistrate Mann found that that movant "lacks a sufficient financial interest in the outcome of the case to incentivize him to monitor counsel's performance and control the litigation on behalf of the putative class." *Bosch*, 2022 WL 4285377, at *4-5. Here, there is no such evidence of Porat and Marcus' inadequacy.

None of the other cases cited in the Lead Plaintiff Order involved a situation where a sole lead plaintiff movant (or movant group) that had the largest financial interest was denied because the losses were too small. In both *Richman v. Goldman Sachs Grp.*, Inc., 274 F.R.D. 473 (S.D.N.Y. 2011) and *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304 (S.D.N.Y. 2001), there were multiple competing movants, and movants who did not have the largest losses were being rejected for their smaller loss – *not* simply on the basis of the size of their loss, but the size of their loss when compared to *competing movants*.

This arbitrary determination of the sufficiency of loss size also creates a slippery slope – what amount of loss is large enough to represent the class? And on what basis? Calculating losses in a securities class action is difficult, with both plaintiffs and defendants employing expert witnesses. On what basis would a movant's loss size be considered? Would a movant need a certain percentage of loss of the overall damage, or would an absolute amount of loss suffice? And how would courts be expected to calculate losses at this early stage of litigation?

7

Additionally, affirming the decision that Porat and Marcus' losses are too small to be adequate would go against the spirit and intent of class actions. Class actions exist for situations where an individual's damages may be small, but the collective harm done to the class may be large. Determining that Porat and Marcus' losses are too small to proceed in a class action is clearly erroneous.

In short, the Lead Plaintiff Order is clearly erroneous and contrary to law. Magistrate Cho wrongfully speculated that the small losses of Porat and Marcus rendered them incapable of making a *prima facie* showing of adequacy at step 2 of the lead plaintiff process.

## CONCLUSION

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) reversing Magistrate Cho's lead plaintiff ruling as clearly erroneous; (2) approving Porat and Marcus as Lead Plaintiffs; (3) approving Movants' selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: October 14, 2022     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs and Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 14, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                              /s/Phillip Kim