**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINGXUE GUO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC., NOEL WHITE, DEAN BANKS, AND STEWART GLENDINNING,<br><br>Defendants. | **CASE No.: 1:21-cv-00552-AMD-JRC**<br><br>**CHEN PORAT AND KEAGAN MARCUS' REPLY TO DEFENDANTS' OPPOSITION TO OBJECTION, DKT. NO. 28**<br><br><u>**CLASS ACTION**</u> |

Chen Porat ("Porat") and Keagan Marcus ("Marcus" and, collectively with Porat, "Movants"), by and through their counsel, submit this reply to the Defendants' Opposition to the Objections of Chen Porat and Keagan Marcus to the Memorandum and Order denying Motion to Appoint Counsel and Lead Plaintiffs, Dkt. No. 28 (the "Opposition").

Magistrate Cho denied Movants' Lead Plaintiff motion based on speculation that Movants' "nominal losses [. . .] failed to persuade this Court that they have sufficient interest in the litigation to "vigorously" pursue the class claims and adequately represent the interests of class members." (Dkt. No. 26, at 12) ("Lead Plaintiff Order").  As explained in Movants' opening brief, Magistrate Cho's speculation runs afoul of the straightforward PSLRA three step process in appointing a lead plaintiff.  (Dkt. No. 27, at 1-2, 5-6).

In opposition, Defendants cite no authorities for the proposition that a small loss, on its own, is sufficient to disqualify a lead movant. [1]  Indeed, as explained in Porat and Marcus' objection brief (Dkt. No. 27, at 6-7), there are no such authorities cited in the Lead Plaintiff Order nor do any such authorities exist.  On this ground alone, Magistrate Cho committed clear error and his decision should be overturned.

Defendants also rehash arguments made to Magistrate Cho, which he either did not consider or otherwise rejected—as the Lead Plaintiff Order is silent on Defendants' arguments.

---

[1] *Bosch v. Credit Suisse Grp. AG*, 2022 WL 4285377, at *5 (E.D.N.Y. Sept. 12, 2022) (denying sole lead plaintiff movant because of both proof of inadequacy and a small loss); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 477 (S.D.N.Y. 2011) (knocking out a movant with a loss of $138,325, whose loss was relatively minimal when challenging competing movants with losses of $14.3 million and $13.2 million); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 310 (S.D.N.Y. 2001) (denying movant whose loss was "far more modest than *either of the other movants*") (emphasis added); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999) (describing "vast majority" of a 466-member movant group as having "relatively small holdings" and ordering three members with the largest losses to reapply and instructing this decision was "not a final, appealable order"); *In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 537 (N.D. Ohio 2001) (rejecting movant group that "suffered a nominal loss *in comparison to the other competing groups*") (emphasis added); *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 221 (D.N.J. 1999) (removing three movants from a nine-member movant group for their "relatively small interest" so as to avoid a dilution of control); *In re Third Ave. Mgmt. LLC Sec. Litig.*, 2016 WL 2986235, at *3 (S.D.N.Y. May 13, 2016) (rejecting a movant who had smaller losses than a competing movant); *Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *8 n.10 (S.D.N.Y. June 12, 2020) (rejecting a movant with a smaller interest than a competing movant from being appointed co-lead plaintiff).

1

Indeed, Defendants do not have standing to oppose a lead plaintiff motion. *Yang v. Trust for Advised Protfolios*, 2022 WL 970772, at *4, fn.3 (E.D.N.Y. Mar. 31, 2022) (declining to address arguments raised by Defendants because "the most adequate plaintiff presumption ***may be rebutted "only upon proof by a member of the purported plaintiff class[.]"***) (emphasis added); *Labul v. XPO Logistics, Inc.*, 2019 WL 1450271, at *7-8 (D. Conn. April 2, 2019) ("The PSLRA provides that "[t]he presumption ... may be rebutted only upon proof by a member of the purported class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). [. . .] [T]he statutory language makes clear that *class members*, not defendants, may rebut the presumption. Accordingly, the Court holds that Defendants lack standing to oppose the presumption that the [movant is] the most adequate plaintiff.") (emphasis in original); *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F.Supp.2d 572, 575 n. 2 (D.N.J. Jan. 10, 2001) ("[T]he majority of courts that have addressed the issue have held that defendants lack standing to object to the adequacy of lead plaintiffs and their chosen counsel[.]"). This comports with the explicit text of the PSLRA as only putative class members can challenge the adequacy and typicality of a lead plaintiff movant. "The presumption [. . .] may be rebutted only upon proof by a member of the purported plaintiff class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) ("[O]nly class members may seek to rebut the presumption, and the court should not permit or consider any arguments by defendants or non-class members.").

Even if this Court were to consider Defendants' arguments against Porat and Marcus, none of Defendants' arguments and innuendo amount to the exacting *proof* required to show Porat and Marcus are inadequate or atypical. "The presumption [. . .] may be rebutted only upon proof by a member of the purported plaintiff class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. October 6, 2017) ("'[E]xacting proof' is needed to rebut the presumption. [. . .] Conclusory assertions and mere speculation will not suffice."); *In re Cendant*,

264 F.3d at 270 ("Allegations of impropriety are not proof of wrongdoing. If they were, then any class member (or lawyer seeking to be appointed lead counsel) could disable any presumptive lead plaintiff by making unsupported allegations of impropriety."); *Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. 2017) ("Conclusory assertions and mere speculation will not suffice [to rebut the presumption].")

Contrary to Judge Cho's finding that both Porat and Marcus suffered losses, Defendants argue that "Movants in fact suffered no loss at all." (Opposition, at 1). Defendants repeat their internally conflicting argument that Porat and Marcus purportedly have no standing and/or compensable losses because of when they bought and sold their stock relative to partial and fully corrective disclosures during the class period. (Compare, Defendants' Letter, Dkt. No. 20, at 5, fn. 10, and Opposition, at 3-4). As explained in Porat and Marcus' letter on October 20, 2021 (Dkt. No. 21) (the "October 20, 2021 Letter"), none of the arguments are sufficient to demonstrate Porat or Marcus' inadequacy. (*Id.* at 1-3).

Additionally, Defendants rehash their lawyer driven litigation arguments based on their mischaracterization of the record (*See*, Defendants' Letter, Dkt. No. 20, at 1-2, 4-5, and the October 20, 2021 Letter). These arguments are meritless.

Defendants claim that the initial complaint was filed by an investor, Mingxue Guo, that lacked standing because he had no loss. This is false. At the time the case was filed Mr. Guo had a loss. However, by the time the lead plaintiff motions were due 60 days later, the price of Tyson stock rose, increasing the PSLRA lookback price.[2] Therefore, Mr. Guo did not seek lead plaintiff status. (Dkt. No. 10.). That an original named plaintiff does not seek lead plaintiff status is

---

[2] When Mr. Guo purchased his shares on June 9, 2020 and June 10, 2020, Tyson share prices were $66.70 and $65.80, respectively. When the initial complaint was filed on February 2, 2021, Tyson share prices closed at $64.22. *See*, Yahoo Finance (https://finance.yahoo.com/quote/TSN/history?period1=1612051200&period2=1612396800&interval=1d&filter=history&frequency=1d&includeAdjustedClose=true) (last visited November 4, 2022). By the time the first lead plaintiff motions were due on April 5, 2021, the PSLRA 90-day lookback price was $66.8587. Dkt. No. 11-3.

3

commonplace. Contrary to Defendants' assertion, the Court should not penalize plaintiff or its counsel because it could not predict the future stock price movement of Tyson stock.

Defendants, citing no authorities, argue that the second round of lead plaintiff briefing is somehow indicative of improper lawyer-driven litigation. (Opposition, at 4). This argument is disingenuous, as it was defense counsel that suggested this course of action. (Dkt. No. 16, at 13-14) ("MS. EATON: [. . .] But the appropriate solution is to deny their application and to reopen the lead plaintiff process for some defined period of time – typically 30 days – for the Rosen Law Firm to find a shareholder who does have standing and can therefore represent the class.")

Contrary to Magistrate Cho's finding that "[b]oth Porat and Marcus have submitted declarations certifying their willingness to serve as lead plaintiffs and recognizing their role as lead plaintiffs on behalf of other class members in directing the action," defendants repeat complaints about Marcus' certification. However, as explained in the October 20, 2021 Letter, Marcus did not originally seek lead plaintiff status because H Fried Canada, Inc. had the larger losses. (Dkt. No. 21, at 2). Nor did Marcus file his own complaint, as one was already on file by Guo at the time Marcus finally signed off on the complaint he reviewed. (*Id.* at 2, fn.2). Defendants repeat their accusation that Marcus and/or the Rosen Law Firm failed to disclose whether he continued to hold shares. (Opposition, at 4). This is false. As explained in the October 20, 2021 Letter, Marcus has no obligation to disclose his transactions outside of the class period in is certification as the PSLRA does not require it. Nonetheless we provided this information to Defendants. (October 20, 2021 Letter, at 2-3) ("That said, had Defense counsel not run off to Court and allowed normal communications to proceed after the holiday, we would have told them that Mr. Marcus had not sold any of his shares and continues to hold them.").

Lastly, Magistrate Cho's order creates an unworkable rule and effectively eliminates small class actions by requiring lead plaintiffs to have a "large loss." Defendants offer no authorities in

4

determining what level of loss is large enough, nor what criterion should be considered. Moreover, Defendants do not dispute that this case is a small securities class action. And as such, the losses of class members are small, like Porat and Marcus. Indeed, that is borne out by the facts. Notice was issued to investors and the investors that stepped forward were those with smaller losses. If Congress intended to limit securities class actions for those with a minimum amount of loss it would have. It did not. Courts have long recognized the importance of private securities class actions. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006) (noting that Congress "acknowledg[ed] that private securities litigation was "an indispensable tool with which defrauded investors can recover their losses" in enacting the PSLRA.)

The PSLRA created a notice and Lead Plaintiff process that encouraged investors who were interested to step forward. That is what happened here. Porat and Marcus stepped forward on their own in response to the PSLRA notice. Their losses were sufficient to motivate them to step forward and agree to be lead plaintiff. "Both Porat and Marcus have submitted declarations certifying their willingness to serve as lead plaintiffs and recognizing their role as lead plaintiffs on behalf of other class members in directing the action." (Lead Plaintiff Order, at 10).

In short, none of Defendants' arguments demonstrate that Porat and/or Marcus are inadequate—let alone rise to the level of the "exacting proof" of inadequacy or atypicality.

## **CONCLUSION**

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) reversing Magistrate Cho's lead plaintiff ruling as clearly erroneous; (2) approving Porat and Marcus as Lead Plaintiffs; (3) approving Movants' selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: November 4, 2022                           Respectfully submitted,

5

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs and Class*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 4, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

        /s/Phillip Kim