**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MINGXUE GUO, Individually and on Behalf of
All Others Similarly Situated,

                     Plaintiff,

        v.

TYSON FOODS, INC., NOEL WHITE, DEAN
BANKS, AND STEWART GLENDINNING,

                   Defendants.

Case No. 1:21-cv-00552-AMD-JRC

### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this Notice of Supplemental Authority in connection with their Opposition to the Objections of Chen Porat and Keagan Marcus to the September 30, 2022 Memorandum and Order of the Honorable Magistrate Judge James R. Cho Denying Motion to Appoint Lead Plaintiffs and Lead Counsel (the "Opposition" or "Opp."). (ECF 28.)

On November 30, 2022, the Honorable Vernon S. Broderick of the United States District Court for the Southern District of New York denied a lead plaintiff motion made on behalf of an applicant who claimed "only $504.40 in losses" and was therefore preliminarily inadequate under Fed. R. Civ. P. 23(a). *McCormack v. Dingdong (Cayman) Ltd.*, 22-cv-7273, 2022 WL 17336586, at *5 (S.D.N.Y. Nov. 30, 2022). Judge Broderick noted that "[i]n the realm of securities litigation, this is a token amount." *Id.* Integral to the court's analysis was the fact that, like the certifications submitted here (*see* Opp. at 3, 11-12), the lead plaintiff movant in *McCormack* "submitted only a pro forma certification that includes no details about his background, years of investing experience, or other indicia of sophistication." *Id.* The movant in *McCormack*, like Mr. Porat here (*see* Opp. at 3), was also preliminarily inadequate because he "sold his shares months before" the alleged

corrective disclosure.[1]  Judge Broderick observed that the case could instead proceed on an individualized basis.  *See id.* at *6.

The issue presently before the Court in this case on appeal is parallel to that which the court in *McCormack* addressed—*i.e.*, whether Magistrate Judge Cho's Order denying as preliminarily inadequate under Fed. R. Civ. P 23(a) the two joint lead plaintiff movants (and the only lead plaintiff movants in the case) who allegedly suffered combined claimed losses of only $323 was "clearly erroneous or [] contrary to law."  Fed. R. Civ. P. 72(a).  Defendants respectfully submit that a decision is not "clearly erroneous or [] contrary to law" if other courts have reached the same conclusion.

Respectfully submitted,

Dated:  December 2, 2022          By:  /s/ Mary Eaton
        New York, New York              Mary Eaton
                                        Meredith Kotler
                                        Nicholas A. Caselli
                                        FRESHFIELDS BRUCKHAUS
                                        DERINGER US LLP
                                        601 Lexington Ave., 31st Floor
                                        New York, NY 10022
                                        Telephone: (212) 277-4000
                                        mary.eaton@freshfields.com
                                        meredith.kotler@freshfields.com
                                        nicholas.caselli@freshfields.com

                                        *Counsel for Defendants Tyson Foods,
                                        Inc., Noel White, Dean Banks, and
                                        Stewart Glendinning*

---

[1] In addition, proposed counsel for the movant in *McCormack* failed to satisfy the statutory notice requirements.  *See id.* at *4-5.