# Exhibit 1

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SOPHIA OLSSON, individually and on behalf of all others similarly situated,

        Plaintiff,

    v.

PLDT INC., MANUEL V. PANGILINAN, ALFRED S. PANLILIO, ANNABELLE L. CHUA, MARILYN A. VICTORIO-AQUINO, ABNER TITO L. ALBERTO, GIL SAMSON D. GARCIA, MA. LOURDES C. RAUSA-CHAN, FLORENTINO D. MABASA JR., and JUNE CHERYL A. CABAL-REVILLA,

        Defendants.

Case No.: CV 23-00885-CJC (MAAx)

ORDER GRANTING MOVANT KEVIN DOUGLAS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL [Dkt. 9] AND DENYING PLAINTIFF SOPHIA OLSSON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL [Dkt. 11]

## I.  INTRODUCTION & BACKGROUND

Plaintiff Sophia Olsson brings this putative securities class action against Defendants PLDT Inc., Manuel V. Pangilinan, Alfred S. Panlilio, Annabelle L. Chua,

-1-

Marilyn A. Victorio-Aquino, Abner Tito L. Alberto, Gil Samson D. Garcia, Ma. Lourdes C. Rausa-Chan, Florentino D. Mabasa Jr., and June Cheryl A. Cabal-Revilla.  (Dkt. 1 [Complaint].)  Now before the Court are two motions for appointment as lead Plaintiff and approval of selection of counsel: one filed by Kevin Douglas (Dkt. 10), and one filed by Olsson (Dkt. 11).  PLDT opposes both motions.  (Dkt. 19 [Opposition, hereinafter "Opp."].)  For the following reasons, Douglas' motion is **GRANTED** and Olsson's motion is **DENIED**.[1]

## II.  ANALYSIS

The Court considers (1) appointment of the lead plaintiff, and (2) approval of lead counsel.

### A.      Appointment of Lead Plaintiff

A plaintiff who seeks to bring a securities class action under the Private Securities Litigation Reform Act ("PSLRA") must, within 20 days of the filing of the complaint, publish a notice of the putative class action's pendency, claims, and purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i).  Any member of the purported class then has 60 days from the date on which the notice is published to file a motion to be appointed lead plaintiff. *Id.*  The Complaint in this case was filed on February 6, 2023.  (Dkt. 1.)  That same day, a notice was published through *Business Wire* advising potential class members of, among other things, the claims alleged in the Complaint, the Class Period, and the 60-day deadline for class members to move to be appointed as lead counsel.  (Dkt. 9-5.)  Douglas

---

[1]  Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 8, 2023, at 1:30 p.m. is hereby vacated and off calendar.

and Olsson timely filed these motions for appointment as lead plaintiff.  They obtained PSLRA certifications, in which they attest that they have reviewed the Complaint, that they did not purchase the security that is the subject of the action at the direction of plaintiff's counsel or in order to participate in the action, and are willing to serve as class representative.  (Dkt. 9-3 [Douglas]; Dkt. 13-2 [Olsson].)  Douglas and Olsson have therefore satisfied the notice requirements of the PSLRA.

In choosing a lead plaintiff, courts presume that the most adequate plaintiff is the person that (1) either filed the complaint or a motion in response to the publication of notice of the action, (2) has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002) (explaining that the "presumptively most adequate plaintiff—and hence the presumptive lead plaintiff"—is "the one who has the largest financial interest in the relief sought by the class" and otherwise satisfies Rule 23's requirements).

Douglas suffered a loss of $240.23 as a result of Defendants' alleged fraud.  (Dkt. 9-1 at 1.)  Olsson suffered a loss of $22.69.  (Dkt. 13-3.)  No other member of the putative class has come forward to be appointed.  Douglas therefore appears to have the largest financial interest in the relief the class seeks.

Douglas has also made a sufficient preliminary showing that he can satisfy Rule 23's typicality requirement.  *See Cavanaugh*, 306 F.3d at 730 (explaining that for purposes of appointing a lead plaintiff, the focus is only on the typicality and adequacy prongs of Rule 23(a)).  A prospective lead plaintiff's claims are typical of other class members' claims when they arise from the same course of conduct that gives rise to the class members' claims and are based on the same legal theory. *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) (citing *Hanon v. Dataproducts Corp.*,

-3-

976 F.2d 497, 508 (9th Cir. 1992)).  Douglas invested in PLDT in December 2021, and seeks to bring suit on behalf of other investors who acquired PLDT securities between January 1, 2019 and December 19, 2022.  (Dkts. 1, 9-4.)  The Complaint alleges that Defendants' materially false and misleading statements resulted in losses for those investors.  These allegations make a preliminary showing that Douglas' claims are typical of the claims of the other members of the investor class.  (*See* Dkt. 9-1 at 6–7.)

Douglas has also made a sufficient preliminary showing that he will adequately represent the class.  A prospective lead plaintiff is adequate if the person does not have conflicts of interest with the proposed class.  When evaluating whether a class representative is adequate, courts assess whether he has interests antagonistic to the class, and whether his counsel have the necessary capabilities and qualifications.  *In re Emulex Corp.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002).  There is no evidence of any conflicts of interest between Douglas and other PLDT investors.  (*See* Dkt. 9-1 at 7–8.)  Douglas' interests align with those of other class members because each member of the class purchased PLDT securities relying on Defendants' allegedly false and misleading statements.  And Douglas has represented that he is willing and able to undertake the responsibility of a lead plaintiff and has retained experienced counsel.  (Dkt. 9-6.)  Accordingly, because Douglas has satisfied all three statutory elements under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), he is designated lead plaintiff in this case.

Olsson does not dispute that Douglas has a larger financial interest in the outcome of this case and that he is therefore presumptively the most adequate plaintiff.  (*See* Dkt. 23.)  Rather, she argues that because she and Douglas both "claim an equally modest financial interest," they should be appointed co-lead plaintiffs.  (*Id.* at 2.)  Douglas does not support this request.  (Dkt. 20 at 3.)  The Court is not persuaded that there is a need for more than one plaintiff and law firm to represent the class in this case.  Indeed, appointing co-lead plaintiffs and co-lead counsel here would only making the litigation

more "cumbersome or expensive" with "the potential for disagreements and inefficiencies." *Pino v. Cardone Cap., LLC*, 2020 WL 7585839, at *5 (C.D. Cal. Dec. 18, 2020) (noting that appointing co-lead counsel could also "complicate the coordination of litigation and reduce the prospects for efficient litigation") (cleaned up).

PLDT argues that both Douglas and Olsson's losses are too small for either of them to have a sufficient financial interest in the outcome of the case to be an adequate class representative. (Opp. at 4–6.) But the PSLRA provides that courts "shall consider any motion *made by a purported class member"* in determining the adequacy of a proposed lead plaintiff. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999) (citing 15 U.S.C. § 78u–4(a)(3)(B)(i); 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) ("the presumption described in [15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)] may be rebutted only upon proof *by a member of the purported plaintiff class* . . . ." (emphasis added)). PLDT therefore lacks standing to object to the proposed lead plaintiffs' adequacy or typicality at this stage. *Id.* And regardless, "[t]he PSRLA's lead plaintiff provisions do not erect a barrier that prevents any plaintiff with a small stake from representing a class." *Nayani v. LifeStance Health Grp., Inc.*, 2022 WL 16985717, at *5 (S.D.N.Y. Nov. 17, 2022). Indeed, courts routinely appoint lead plaintiffs with financial interests substantially similar to or less than Douglas'. *See, e.g.*, *id.* (appointing as lead plaintiff a person who claimed $385 in losses); *Houghton v. Leshner*, 2023 WL 2485785, at *1 (N.D. Cal. Mar. 13, 2023) (appointing as lead plaintiff three people who spent $80 combined to purchase the relevant securities).

## B. Approval of Lead Counsel

The PSLRA provides that once a court has selected the most adequate plaintiff, the "most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The statute grants courts

discretionary authority to refuse to approve a lead plaintiff's selection of counsel. *In re Cohen*, 586 F.3d 703, 709 (9th Cir. 2009).

Douglas has selected Levi & Korsinsky, LLP as his counsel. The Court has reviewed the firm's biography, (Dkt. 9-7), and approves it as lead counsel. The firm has successfully served as counsel in many other securities class actions and its attorneys have extensive experience in handling large, complex litigation.

## III. CONCLUSION

For the foregoing reasons, Douglas' motion for appointment as lead plaintiff and approval of lead counsel for this putative class action is **GRANTED**. Olsson's motion is **DENIED.**

DATED:    April 26, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE