UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**MINGXUE GUO,** individually and on behalf of all
others similarly situated,                                   :

                       Plaintiff,    :   **MEMORANDUM DECISION AND**
                                                        **ORDER**
                   – against –                              :
                                                   21-CV-552 (AMD) (JRC)
                                                 :

**TYSON FOODS, INC., NOEL WHITE, DEAN**      :
**BANKS** and **STEWART GLENDINNING,**
                                                   :

                       Defendants.
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On September 30, 2023, Magistrate Judge James Cho denied Chen Porat and Keagan Marcus's (the movants) motion to be appointed lead plaintiffs in this putative securities action. Before the Court is the movants' application to reverse Judge Cho's decision. (ECF No. 26.) For the reasons stated below, the application is denied.

## BACKGROUND

The background of this litigation is detailed in Judge Cho's comprehensive order, and will not be repeated here. (ECF No. 26 at 1-5.) Judge Cho denied the movants' motion to be appointed lead plaintiffs because their combined losses—$323.20—gave them inadequate incentive to supervise the class action meaningfully and oversee class counsel. (ECF No. 27 at 2.) The movants claim that this decision was "clear error." (*Id*.) The defendants maintain that that while "the PLSRA identifies no specific minimum loss requirements," courts have denied lead plaintiff motions where the stated losses were insufficient to incentivize the moving parties. (ECF No. 28 at 6.) The movants reply that the defendants "do not have standing to oppose a lead plaintiff motion" (ECF No. 29 at 2), that "none of Defendants' arguments and innuendo amount

to the exacting *proof* required to show Porat and Marcus are inadequate or atypical" (*id.* (emphasis in original)), and that "Magistrate Cho's order creates an unworkable rule and effectively eliminates small class actions by requiring lead plaintiffs to have a 'large loss'" (*id.* at 4).

On December 2, 2022, the defendants submitted a Notice of Supplemental Authority (ECF No. 30), citing *McCormack v. Dingdong (Cayman) Ltd.*, No. 22-CV-7273, 2022 WL 17336586 (S.D.N.Y. Nov. 30, 2022), where the court denied a lead plaintiff motion on behalf of an applicant who claimed $504.40 in losses. According to the defendants, "[t]he issue presently before the Court in this case on appeal is parallel to that which the court in *McCormack* addressed . . . ." (*Id.* at 2.) On April 28, 2023, the movants filed a notice of supplemental authority in response (ECF No. 31), citing *Olsson v. PDLT Inc., et al.*, No. 23-CV-885, Dkt. No. 24 (C.D. Cal. Apr. 26, 2023). The court in *Olsson* granted the lead plaintiff motion of an investor who alleged losses of $240.23. (*Id.*, Ex. 1 at 3.) The court rejected the defendant's argument that the movants' alleged financial loss was insufficient, holding that "courts routinely appoint lead plaintiffs with financial interests substantially similar to or less than [the movant]."

## LEGAL STANDARD

Under Rule 72(a), a district judge reviewing a magistrate judge's order on a non-dispositive motion must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed,'" *Storms v. United States*, No. 13-CV-0811,

2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)), and "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (internal citation and quotation marks omitted). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [his] discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (internal citations and quotation marks omitted).

## DISCUSSION

Congress enacted the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to "reduce abusive and meritless suits by imposing unique requirements and limitations on private class actions alleging securities fraud." Wright & Miller, Securities Class Actions –Special Requirements, 7B Fed. Prac. & Proc. Civ. § 1806 (3d ed.). The PSLRA establishes a rebuttable presumption that the most appropriate lead plaintiff is the person or group of persons that "(aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). A magistrate judge's decision to grant or deny a motion to appoint lead plaintiff or approve lead counsel is non-dispositive. *See, e.g.*, *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849, 2006 WL 3511375, at *2 (E.D.N.Y. Dec. 6, 2006) (deciding that "[t]he parties' nondispositive motions to . . . appoint a lead plaintiff and lead counsel were thus properly addressed by [Magistrate] Judge Reyes."); *In re: Synergy Pharms. Inc. Secs. Litig.*, No. 18-CV-873, 2019 WL 6150713 (E.D.N.Y. Nov. 20, 2019) (magistrate judge disposes of similar motions); *In re Sequans Commc'ns S.A. Secs. Litig.*, 289 F. Supp. 3d 416, 419

(E.D.N.Y. 2018) (noting that the district court judge "asked [the magistrate judge] to decide the motions" for appointment of lead plaintiff). The standard of review is highly deferential—whether Judge Cho's decision is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The movants do not satisfy that standard.

The movants assert that "small losses standing alone" cannot "preclude a *prima facie* showing of adequacy" under the PSLRA and Rule 23. (ECF No. 27 at 2.) In other words, the movants say a court should grant an unopposed lead plaintiff motion regardless of the size of the alleged loss (assuming all other statutory requirements are met). This argument is unconvincing: a proposed lead plaintiff whose application is unopposed is not automatically entitled to appointment.

Judge Cho found that that the movants satisfied the second prong of the PSLRA's rebuttable presumption, because neither side has "identified any class members with a larger financial interest [than Porat and Marcus]." (ECF No. 26 at 8.) However, because the PSLRA aims to avoid lawyer-driven litigation, the statute expressly requires that the lead plaintiff satisfy the requirements of Rule 23. 15 U.S.C. 78u-4(a)(3)(B)(iii). And, although the PSLRA identifies no specific minimum loss requirement, courts have broad discretion under Rule 23 to determine the adequacy of a proposed lead plaintiff. *See* Fed. R. Civ. P. 23(d) (granting broad discretion to district courts to "make appropriate orders" in order to facilitate management of class actions); *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004) ("[T]he District Court's determination that the addition of three named plaintiffs would help the lead plaintiff represent the interests of the class as a whole was not a legal decision that we review de novo; instead, it was a managerial judgment that is entitled to deference."); *Schaffer v. Horizon Pharma Plc*, No. 16-CV-1763,

4

2016 WL 3566238, at *1 (S.D.N.Y. June 27, 2016) (Rule 23 discretion "undoubtedly applies to appointment of a lead plaintiff under the PSLRA").

Only two of the prerequisites to Rule 23 class certification—typicality and adequacy—"are relevant to the selection of lead plaintiff." *Olsen v. New York Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 108 (E.D.N.Y. 2005). Judge Cho found that the movants satisfied typicality because they "both allege[d] that they purchased shares of Tyson stock within the Class Period in reliance on the allegedly false and misleading statements." (ECF No. 26 at 9.) *See Barrows v. Becerra*, No. 20-CV-1642, 2022 WL 211089, at *8 (2d Cir. Jan. 25, 2022) (typicality requires that a class representative's claims "be typical of those of the class, and is satisfied when each member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (internal quotations and citations omitted). He found, however, that they were not adequate lead plaintiffs because their combined alleged losses were insufficient. The movants assert that the decision creates an "unworkable" rule that "effectively eliminates 'small' securities class actions" (ECF No. 27 at 3), and establishes "a requirement that does not exist in the PSLRA, Rule 23 or caselaw" (*id*. at 6).

Judge Cho's decision is not "clearly erroneous" or "contrary to law." Rather, it is robust, comprehensive, and adheres to the rigorous procedures set forth by the PSLRA. Lead plaintiffs must "have a sufficient interest in the outcome to ensure vigorous advocacy." *Kehoe v. 3D Sys. Corp.*, No. 21-CV-1920, 2021 WL 5408923, at *5 (E.D.N.Y. July 13, 2021). Observing that it is incongruent to allege relatively nominal losses as "substantial" (ECF No. 26 at 11), Judge Cho explained that a lead plaintiff with a "large financial interest" advances the historical purpose of the PSLRA. *See, e.g.*, *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization, LLC*, 616 F. Supp. 2d 461, 464 (S.D.N.Y. 2009) ("The theory of the[ ] [lead

5

plaintiff provisions of the PSLRA] was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff—frequently a large institution or otherwise sophisticated investor—would be motivated to act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price." (internal quotation marks and citation omitted)).  As Judge Cho also noted, other courts have denied lead plaintiff status on similar facts.  *See, e.g.*, *Dingdong*, 2022 WL 17336586 at *5; *Bosch v. Credit Suisse*, No. 22-CV-2477, 2022 WL 4285377 (E.D.N.Y. Sept. 12, 2022); *Richman v. Goldman Sachs Grp., Inc.,* 274 F.R.D. 473 (S.D.N.Y. 2011); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304 (S.D.N.Y. 2001).  Finally, aggrieved investors may still pursue their claims on an individual basis.

In short, I find no error in Judge Cho's well-reasoned determination that the movants have an insufficient interest in the litigation to "pursue the class claims vigorously" and represent the interests of the class members adequately.  Accordingly, the movants' application is denied.

## CONCLUSION

For these reasons, the movants' request that the Court reverse Judge Cho's order is denied.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       June 1, 2023